UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:10-CR-159-TAV-CCS-7 |
| CHRISTOPHER RAY MASON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's motions for a sentence reduction [Docs. 654, 709]. In the defendant's motions, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 710], and the defendant filed a supplemental to his motion [Doc. 712]. The government defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

**I.  Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the

2

defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C). Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). In such cases, the Court may grant "a reduction comparably less than the amended guideline range." *Id.*

In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

The defendant was convicted of conspiring to distribute and possess with intent to distribute various controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(2), and 846 [Doc. 626]. At the time of sentencing, the defendant was held responsible for a quantity of pills equivalent to 1000 kilograms of marijuana [Doc. 585 ¶¶ 28, 65]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 32 [*Id.* ¶¶ 65]. After a two-level firearms

3

enhancement, a three-level role enhancement, and a three-level reduction for acceptance of responsibility, his total offense level was 34 [*Id.* ¶¶ 66, 68, 71, 73]. Given the defendant's criminal history category of IV, the defendant's applicable guideline range was 210 to 262 months' imprisonment.

Before sentencing, the United States filed a motion for downward departure in light of the defendant's substantial assistance [Doc. 626]. The Court granted that motion and sentenced the defendant to 132 months' imprisonment, which is 37 percent below the guidelines range [*Id.*]. According to the government, the defendant is presently scheduled for release on October 12, 2020 [Doc. 710 p. 3].

**III. Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, the defendant's revised base offense level is 30, and affording the defendant the same adjustments the defendant originally received, the defendant's new total offense level is 32. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 32 and a criminal history category of IV results in

4

an amended guideline range of 168 to 210 months' imprisonment.  Thus, the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission.  *See* U.S. Sentencing Guidelines Manual § 1B1.10.  "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range."  *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted).  As discussed, that is the case here.  And it would be consistent with the applicable policy statements to sentence the defendant below the "minimum of the amended guideline range" because the defendant previously received a below-guidelines range sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A), (B).

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced.  As an initial matter, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time.  Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of the defendant's offense(s) and the defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for

the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.[1]  Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a).  And the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public.  *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government informs the Court that the defendant was sanctioned in May of 2015 for using drugs, but that it has no other information to present in opposition to a sentence reduction under Amendment 782.  In his supplement, the defendant notes that since this infraction, he has completed a freedom from drugs course and is currently enrolled in a commitment for change class.  The government states that it defers to the Court's discretion whether to grant a reduction in the defendant's sentence, and, if so, to what extent.  It informs the Court that a 37-percent reduction below the amended guidelines range yields a term as low as 106 months' imprisonment.

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in the defendant's sentence to be appropriate.  The Court will reduce the defendant's sentence in accordance with the amended guidelines range and by

---

[1] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation.  *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

an amount "comparably less than the amended guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B). In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of the defendant's offense(s), the defendant's personal characteristics, criminal history, and post-sentencing conduct.

## IV. Conclusion

For the reasons stated herein, the defendant's motions [Docs. 654, 709] are **GRANTED** and the defendant's sentence is **REDUCED** to **106 months' imprisonment**. If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated July 31, 2014 [Doc. 626], shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE